THOMAS
*v.*
MARSH.

---

## O'BRIEN *v.* POLICE JURY OF CONCORDIA.

2     355
122    330

·One who alleges that he has a joint interest with the plaintiff in a contract between the lat-ter and the defendants, and that he furnished money and labor for its execution and is entitled to one-half of the contract price, cannot intervene in an action on the contract, in-stituted by the plaintiff to recover the price of the work done in pursuance of it. The inter-venor, not being a party to the contract, has no more claim upon the amount due by defen-dants than any other creditor, and the obligation of the defendants cannot be divided against their consent.

·One who has made a levée, under an adjudication by the inspector of roads and levées under the provisions of the act of 26 March, 1842, relative to roads and levées in the parish of Concordia, in case of the land not selling for the whole amount of the adjudication and the insolvency of the owner, may recover from the parish any balance due.

APPEAL from the District Court of Concordia, *Curry*, J.   *T. P. Farrar*, for the appellant. The intervention should have been dismissed. C. P. 389. 1 La. 431. 7 La. 196. There should have been judgment for the plaintiff. See the case of *Croiset* v. *Police Jury of Pointe Coupée*, 1 La. 110. *Morgan* v. *Same Police Jnry*, 11 La. 162. Justinian, Juris præcepta, lib. 1, tit. 1, § 3. Code of Pract. 14. *Sparrow*, for the intervenor. *Poindexter*, for the defendants. The judgment of the court was pronounced by

O'BRIEN
*v.*
POLICE JURY.

Rost, J. The making of a levée was adjudicated to the plaintiff by the inspector of roads and levées of one of the districts of the parish of Concordia, under the act of 1842, applying specially to the roads and levées of that parish. He built the levée, according to the terms of the adjudication, and it was duly accepted by the inspector. The plaintiff subsequently proceeded *in rem* for the amount of the adjudication, and the land upon which the levée was erected did not sell for an amount sufficient to pay him. He now claims from the police jury the amount unpaid.

The defendants contend that the act of 1842 is of a local nature, and gives no right to the contractor to proceed against the parish; that he can only proceed against the owner of the land personally, or, in case the owner does not reside in the parish, against the land itself.

After issue joined, *Richard Haurahan* intervened, alleging that he was to have a joint interest in the contract made between the plaintiff and the defendants, and to unite with the plaintiff in performing the said contract; that he did so, and furnished money and labor, and was to receive one-half of the amount agreed upon; that the plaintiff refuses to allow his demand; and that he, the intervenor, claims one-half of the sum due by the defendants.

The plaintiff moved to dismiss the intervention, on the ground that the intervenor had not made out a case entitling him to that mode of relief. The motion was overruled, and the plaintiff excepted. On the merits, the court below gave judgment in favor of the defendants, and both the plaintiff and the intervenor appealed.

The petition of intervention should have been dismissed. The intervenor was not a party to the contract, and has no more claim upon the fund in the hands of the defendants than any other creditor of the plaintiff. By his own allegations, as well as by his evidence, it appears that there is an unsettled account between him and the plaintiff. The defendants have nothing to do with that account, and their obligation cannot be divided against their consent.

In relation to the plaintiff, we think there is error in the judgment appealed from. The defendants are responsible, unless their responsibility had been waived in the contract of adjudication. The plaintiff proceeded against the land, and it is admitted that the former owners were insolvent at the time the sale was made. The admission that the land was then worth more than the plaintiff's claim, could not, in any case, prejudice his right. But it is further admitted, that there was a controversy about the ownership of it. This uncertainty as to the title was no doubt the cause of the low price at which it was adjudicated; and if it be true that it sold below its value, the defendants are to blame for suffering it, not the plaintiff, who probably required the greater part of the amount due, to pay for this work. The levée was not ordered to be made for the special benefit of the owner of the land on which it stands, but for the general benefit of the parish; and, in default of other means, the parish must pay for it.

It is therefore ordered that the judgment be reversed, and the intervention dismissed, with costs in both courts. It is further ordered, that the plaintiff recover from the defendants the sum of $818 34, with legal interest from the 5th October, 1843, till paid, and costs in both courts.